## LA SAVOIE.

### THE OLYMPIA.

(Circuit Court of Appeals, Second Circuit. November 11, 1913.)

#### No. 37.

COLLISION (§ 105*)—STEAMER AND TOW MEETING—EVIDENCE OF FAULT.

> A finding by a trial court, which heard the witnesses, that a libelant had failed to sustain allegations of fault against a steamship passing up New York Harbor to her dock, in the evening, for a collision with the tow of a tug passing down, affirmed.

> [Ed. Note.—For other cases, see Collision, Dec. Dig. § 105.*

> Collision with or between towing vessel and vessels in tow, see note to The John Englis, 100 C. C. A. 581.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by the Goodwin Sand & Gravel Company against the steamship La Savoie and the tug Olympia, impleaded under admiralty rule 57. Decree for respondent, and libelant appeals. Affirmed.

On appeal from a decree of the District Court of the United States for the Southern District of New York dismissing the libel filed against the steamship La Savoie to recover damages sustained by tow of the steam tug Olympia, by reason of a collision with La Savoie in the North River on the evening of October 8, 1910.

John F. Foley and Frank A. Spencer, Jr., both of New York City, for appellant.

Joseph P. Nolan and John M. Nolan, both of New York City, for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

COXE, Circuit Judge. The collision occurred between the Battery and Castle William at about 6:30 p. m., October 8, 1910. The night was clear and dark. A light south wind was blowing. There was nothing in the elements to disturb navigation or make it difficult for the vessels in question to reach their respective destinations. La Savoie was bound for her pier at West Tenth street, North River, and the Olympia for Kirkham's Basin, South Brooklyn. The Olympia had four deck scows in tow on a hawser about 160 feet in length. The scows were all light, were fastened close together, and each was 110 feet in length. They carried bow and stern lights only.

La Savoie is a twin screw ocean steamer. Her master was a sailor of wide experience and had frequently been in the port of New York. She was at the time in the charge of a Sandy Hook pilot of 47 years' experience.

This is peculiarly a case where, in order to get a correct view of the situation, it is necessary to see and hear the witnesses. A statement which sounds plausible when read may come from a witness whose appearance on the stand casts grave doubt upon his honesty and intelligence. The District Judge heard all the witnesses and his finding upon disputed questions of fact should not be disturbed unless we are clearly satisfied that he is in error. If we are in doubt we should resolve the doubt in favor of the decree. We think the District Judge was right in his conclusions. The preponderance of proof is to the effect that when the vessels were far enough apart to avoid collision, the Olympia was showing her green light to La Savoie's red and green. In other words, the Olympia was crossing with La Savoie on her starboard hand. It was then the duty of La Savoie to keep her course and the duty of the Olympia to keep out of the way. This the latter did not do. Again, we agree with the District Judge in thinking that there is a presumption in favor of a large steamer in the hands of an experienced master with a licensed pilot on board and all her machinery in working order. That such a steamer, having agreed upon a passing convention, should suddenly violate it and sheer across the path which she had agreed to leave open is most improbable and should require cogent proof to support it. It is enough that the burden is on the libelant to establish fault on the part of La Savoie and that it has failed to sustain it. It is true that there is the usual, if not more than the usual, amount of disagreement between the witnesses, but upon disputed questions of fact we must accept the findings of the trial court, unless clearly satisfied that the court was in error. We are not so satisfied in the present case.

The decree of the District Court is affirmed with costs.